## Williams v. Office of the Public Defender of Lehigh County

*Anthony Spencer Williams,* in propria persona.
*Thomas M. Caffrey* and *Lawrence J. Brenner,* for defendants.

DAVISON, *J.,* February 19, 1990 — Presently before this court are preliminary objections by defendants County of Lehigh, Office of Lehigh County Public Defender,[1] and Fredrick E. Charles, Aaron Matte, Michael E. Brunnabend, Edward Eidelman and Dennis G. Charles, Esqs., arising from legal representation of plaintiff, as public defenders, for various criminal charges during 1983 through 1985. For the reasons hereinafter specified, we are obliged to sustain the preliminary objections.

Pa.R.C.P. 401 provides:

"(a) Original process shall be served within the commonwealth within 30 days after the issuance of the writ or the filing of the complaint.

"(b)(1) If service within the commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the commonwealth within the time prescribed by rule 404, the prothonotary upon

---

1. Although plaintiff names both the County of Lehigh and the Lehigh County Office of Public Defender as individual defendants, we regard them, for the purposes of this litigation, as one and the same.

praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon 'reissued' in the case of a writ or 'reinstated' in the case of a complaint.

. . .

"(4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by rule 404 after reissuance, reinstatement or substitution."

Plaintiff's complaint alleges various instances of legal malpractice, the last being November 18, 1985. According to the sheriff's returns, service was made June 3, 1987, upon "the Office of the Public Defender" and separately upon Robert Magee. Service upon the public defender's office is not tantamount to service on individual public defenders.

Defendants Matte, Brunnabend, Eidelman and the Messrs. Charles have simply not been served. Personal service was not made within 30 days of the filing of the complaint, and the complaint has not been timely reinstated. Moreover, the appropriate statute of limitations appears to be the two-year limit specified in 42 Pa.C.S. §5524(2). Paragraph 16 of the complaint alleges November 18, 1985, as the last date of asserted legal malpractice. The complaint was not properly served nor timely reinstated, and the statute of limitations has now expired. Therefore, we are obliged to dismiss this action as to these defendants.

Although the public defender's office was properly served, county counsel asserts immunity under the Pennsylvania Political Subdivision Torts Claim Act, 42 Pa.C.S. §8541:

"Except as otherwise provided in this subchapter no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Does the public defender's office constitute a "local agency"? Title 42 Pa.C.S. §8501 defines local agency as "[A] government unit other than the commonwealth government. This term includes an intermediate unit." Title 16 P.S. §9960.3, the Public Defender Act, provides:

"In each county except the County of Philadelphia, there shall be a public defender, appointed as herein provided. Two or more counties may cooperate in the appointment of a public defender, as provided in the intergovernmental cooperations of the Constitution of Pennsylvania or as provided by law."

Since each county (except Philadelphia) is mandated to maintain a public defender's office, we conclude that the County of Lehigh and the Office of the Public Defender of Lehigh County is a county agency and entitled to immunity.

There are limits on immunity. These limitations appear in 42 Pa.C.S. §8542:

"§8542. *Exceptions to governmental immunity* —

"(a) *Liability imposed* — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to

governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of this office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct."

Section 8542(b) permits liability if the alleged act involves vehicle liability; care, custody or control of personal property; real property; trees, traffic controls and street lighting; utility service facilities; streets; sidewalks; and care, custody or control of animals. Legal malpractice is not within the enunciated exceptions. Therefore, we hold that the public defender's office is immune and we sustain the preliminary objections.[2]

## ORDER

Now, February 19, 1990, upon consideration of the briefs, and for the reasons set forth in the accompanying opinion, it is ordered that the preliminary objections of defendants County of Lehigh, Lehigh County Public Defender's Office, Fredrick E. Charles, Aaron Matte, Michael Brunnabend, Edward Eidelman and Dennis G. Charles, alleging improper service and failure to state a cause of action, are hereby sustained and the action as to the within-named defendants is hereby dismissed.

---

2. The immunity enjoyed by the county and public defender's office coextensively inures to the individual public defenders under 42 Pa.C.S. §8545.